UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:14-CV-80964-ROSENBERG/BRANNON

DEIRDRE M. JACOBS,

    Plaintiff,

v.

CITY OF WEST PALM BEACH,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 63] and Defendant's Motion for Summary Judgment [DE 58]. Both parties filed responses. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, each motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff, Deirdre Jacobs, is a former employee of Defendant, the City of West Palm Beach. In 2010, Plaintiff participated in what she characterizes as an informal investigation into whether or not another employee of Defendant, Ms. Rechee Huff, should be fired. This informal investigation was initiated and conducted by a former mayor of Defendant. Plaintiff provided information to the mayor and argued that Ms. Huff should not be fired. Plaintiff asserts that her efforts in this matter ultimately had the effect of making another employee, Ms. Dorritt Miller, her enemy because Ms. Miller wanted Ms. Huff fired.

1

Plaintiff contends that following the investigation, Ms. Miller waited patiently for the opportunity to have Plaintiff fired. After a new mayor was elected and after Plaintiff initiated FMLA leave for self-care in 2012, Plaintiff argues that Ms. Miller's plan was executed by causing the new mayor to eliminate Plaintiff's position or otherwise have her terminated. Defendant's response is that the elimination of Plaintiff's position was accomplished after serious consideration and through the advice of many members of government, not just Ms. Miller; Defendant further contends that the elimination of Plaintiff's position had no connection to Plaintiff's FMLA leave whatsoever and was altogether impartial and objective.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law ." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

2

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III. ANALYSIS AND CONCLUSION

Defendant argues that it is entitled to judgment as a matter of law as to five counts in Plaintiff's Second Amended Complaint: Count I (Whistleblower Claim), Count II (Violation of Civil Service Board Rules), Count III (Unpaid Wages), Count IV (FMLA Interference), and Count V (FMLA Retaliation). In response, Plaintiff argues she is entitled to summary judgment as to Count II, Count III, Count IV, Count V, Defendant's Affirmative Defense 11 (sovereign immunity), Defendant's Affirmative Defense 14 (good faith defense), and Defendant's Affirmative Defense 15 (good faith defense). Each count and affirmative defense is addressed in turn.

**1. Plaintiff's Whistleblower Claim, Count I**

Florida's public sector Whistleblower Act ("FWA") generally requires Plaintiff to prove that (1) Plaintiff provided protected information as such information is defined under the FWA, (2) Plaintiff provided the information to an appropriate person, and (3) Plaintiff satisfied the definition of

3

an employee protected under the FWA.  *See* Fla. Stat. § 112.3187(5)-(7).  The text relevant to the first element of the FWA reads:

> The information disclosed under this section must include:
>
> > Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.

Fla. Stat. § 112.3187(5)(a) (truncated in part).  Plaintiff asserts that she provided information about a suspected violation of law by informing the then-mayor of West Palm Beach that the termination of Ms. Rechee Huff would be a violation of the FMLA. Plaintiff also argues that providing this information concerned "a substantial and specific danger to the public's health, safety, or welfare" because the citizens of West Palm Beach would be deprived of the services administered by Ms. Huff. Plaintiff's evidence on this point is adequately characterized as subjective belief:

> Question: Because [an employee] was trying to get Rechee fired, Rechee would no longer be able to help in that process of getting federal dollars eventually to the recipients of the HOWPA program, and that would in effect be a danger to those recipients?
>
> Plaintiff: Well, I wouldn't say that Rechee was responsible for the federal dollars coming to the City or getting to the agencies, but she was responsible once the money got to those agencies that those clients received the services that they needed, that they wouldn't become homeless, that they would receive their supportive services.
>
> . . .
>
> Question: You also say that because of the job that Rechee was part of, which was ensuring compliance with those recipients of the grant dollars, that she would ensure that the services went to the people who were suffering from the aides that could get that sort of service, correct?
>
> Plaintiff: Right. It was housing services and other supportive services.  She assured that those persons were not homeless and that they received any type of auxiliary services that were due to them.

4

DE 58-1 at 27, 123.  Plaintiff does not provide any record evidence that the services that Ms. Huff administered could not be handled by another employee in the event that Ms. Huff was terminated, whether or not her termination was a violation of the FMLA.  In fact, Plaintiff provides no record evidence that the termination of Ms. Huff would impact citizens in any way—this is an assumption that Plaintiff subjectively believes. Plaintiff offers only her opinion that the termination of Ms. Huff would present "a danger to the public's health, safety, or welfare."

Plaintiff's subjective belief is insufficient to resist summary judgment on this point.[1]  *See Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (a mere "scintilla" of evidence is insufficient to defeat a motion for summary judgment).  Even construing all inferences in favor of Plaintiff, Plaintiff's logic is untenable.  Plaintiff's position is that subjective belief is sufficient to establish that the termination of *any* government employee presents a substantial and specific danger to the public health or public welfare.[2]  After all, it could be fairly said that every government employee serves the public welfare in some form or fashion.  Furthermore, the specifics of Plaintiff's evidence contradict her position.  Plaintiff asserts that, essentially, she sought to prevent the firing of Ms. Huff during Ms. Huff's FMLA leave.  It stands to reason from the evidence before the Court that the public was being served at that time, notwithstanding Ms. Huff's FMLA leave.  Plaintiff provides no evidence that the public could be served during Ms. Huff's FMLA leave but could not be served subsequent to Ms. Huff's termination.  Finally, as Ms. Huff was ultimately fired,[3] presumably the evidence concerning any alleged disruption of services to the public was available, as opposed to being theoretical.  In

---

[1] Although the FWA must be liberally construed in favor of granting access to the remedy, Plaintiff's evidence fails to rise even to this low threshold.  *See Irven v. Dep't of Health & Rehab. Servs.*, 790 So. 2d 403, 405-06 (Fla. 2001).
[2] The Court notes that the services provided by Ms. Huff were perhaps more closely involved with the concept of public health and welfare than say, the services provided by maintenance staff or judicial clerks, but the logic of Plaintiff's position—and its foundation in subjective belief—could be fairly said to apply to virtually any government employee.
[3] DE 59 at 3.

summary, Plaintiff's evidence on this point is too attenuated to defeat Defendant's Motion for Summary Judgment, and the Court grants Defendant's Motion as to Count I.[4]

### 2. Plaintiff's Civil Service Rules Claim, Count II

Defendant argues that Plaintiff's claim premised upon Defendant's Civil Service Rules fails because Plaintiff's specific position was not governed by those rules. On this point, Defendant mischaracterizes Plaintiff's claim. Plaintiff's claim is not that her position, at the time of termination, was covered by Defendant's Civil Service Rules. Plaintiff's claim is that (i) she previously *was* covered by the Civil Service Rules and (ii) at such time as she was terminated from her uncovered position, she was entitled to be returned to a position that *was* covered by the rules. Plaintiff's contention is premised upon the following provision:

> **RULE X RETURN FROM UNCLASSIFIED TO CLASSIFIED SERVICE**
> (a) When any employee with regular status in the Classified Service shall be appointed to a position in the Unclassified Service his position in the Classified Service shall be considered vacated, and subject to being filled by the procedures which apply to filling such positions on a regular basis. The regular employee so appointed to the Unclassified position shall retain his Classified Service title and status; but he shall accrue no further Civil Service rights in the Classified Service while serving in the Unclassified position.
>
> If separated from the Unclassified Service within one year he shall be given the opportunity of returning to his former position. *If separated from the Unclassified Service subsequent to one year and there shall be a vacancy in his former classified position, he shall be given the opportunity of returning to that position. If there shall be no such vacancy, he shall be given the opportunity of accepting a Classified position at the same kind of work and at a comparable level, in his former department if practicable, with compensation at the maximum rate then prevailing for the classification*. *City of West Palm Beach Civil Service Rules and Regulations* (Feb. 7, 1990, revised Sep. 2008).

DE 82-4 (emphasis added). Although Defendant argues that Plaintiff did not follow administrative procedures as required by the Civil Service Rules, Defendant fails to show as a matter of law that

---

[4] Because Plaintiff's Whistleblower claim fails for the reasons outlined, the Court does not address Defendant's other arguments on Count I.

Plaintiff would have been required to comply with such rules *before* she had been reinstated to a covered position. Accordingly, the Court denies Defendant's Motion for Summary Judgment as to Count II, however, the Court's denial is without prejudice in light of the parties' poor briefing on this subject. The Court will reconsider its ruling on Count II in the event Defendant is able to provide clear legal authority and argument that Plaintiff's Count II is precluded independent of any factual determination as to whether or not Plaintiff was offered a classified position after her unclassified position was eliminated.

Finally, although Plaintiff has moved for summary adjudication on Count II, Plaintiff devotes a single paragraph in her request for summary judgment on Count II, she relies upon conclusory statements, and she fails to cite to any notable record evidence whatsoever. Accordingly, the Court denies Plaintiff's Motion for Summary Judgment as to Count II.

### 3. Plaintiff's Unpaid Wages Claim, Count III

Defendant argues that Plaintiff's Count III, brought pursuant to Florida Statute section 448.01, should be dismissed because the law is vague and unconstitutional. The statute that Count III is premised upon reads:

> (1) Ten hours of labor shall be a legal day's work, and when any person employed to perform manual labor of any kind by the day, week, month or year renders 10 hours of labor, he or she shall be considered to have performed a legal day's work, unless a written contract has been signed by the person so employed and the employer, requiring a less or greater number of hours of labor to be performed daily.
> 
> (2) Unless such written contract has been made, the person employed shall be entitled to extra pay for all work performed by the requirement of his or her employer in excess of 10 hours' labor daily.

Fla. Stat. § 448.01. This statute was enacted in 1864. For approximately 130 years after the statute's enactment, the statute appears to have received no judicial scrutiny or interpretation. *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1312-13 (S.D. Fla. 2006). Defendant cites to *Posely v. Eckerd*

7

*Corp.* where a federal district court, after extensive analysis, held that the statute was unconstitutional for the following reasons:

> The Court is wholly at a loss as to how it would instruct any jury, let alone on what standards would apply here at the summary judgment stage, on what constitutes "manual labor," and what constitutes "extra pay," and Plaintiffs have not suggested any potential instructions or applicable standards that could serve to cure the vagueness of this little, to never-applied law. Because Fla. Stat. § 448.01 is "so vague and indefinite as really to be no rule or standard at all," the Court cannot allow a jury to find Eckerd liable for allegedly violating its proscriptions (whatever they may be).

*Id.* at 1313.

The *Posely* decision has received favorable treatment. *See Ramsey v. Custom Tree Serv., Inc.,* No. 7-CV-621, 2007 WL 2827560 (M.D. Fla. Sept. 26, 2007) (agreeing with *Posely* that 448.01 is unconstitutionally vague); *Stone v. Crispers,* No. 06-cv-1086, 2006 WL 2850103 at *2 (M.D. Fla. Oct. 3, 2006) (noting that section 448.01 is "likely unconstitutional"); *see also Quaker Oats Co. v. Jewell,* 818 So. 2d 574, 575 n.2 (Fla. Dist. Ct. App. 2002) (noting that a "strong argument" could be made that 448.01 was unconstitutionally vague). The Court has not found any decision that disagrees with *Posely*. The decision is both well reasoned and persuasive. Plaintiff provides no legal argument contrary to *Posely*, instead devoting a single paragraph to the conclusory assertion that (i) the statute is not unconstitutionally vague and (ii) summary judgment should be entered in favor of Plaintiff under the statute. Accordingly, the Court denies Plaintiff summary judgment as to Count III and enters summary judgment in Defendant's favor.

### 4. Plaintiff's FMLA Claims, Count IV and Count V

Defendant argues that Plaintiff's FMLA claims fail because Plaintiff's FMLA leave was for self-care, and under *Coleman v. Court of Appeals*, Defendant is immune from suit for such claims. 132 S. Ct. 1327, 1338 (2012). In *Coleman*, the Supreme Court held that the Eleventh Amendment protects states from self-care FMLA claims by virtue of the states' sovereign immunity. *Id.* In

response, Plaintiff points out that Defendant is a political subdivision of the State of Florida—not the State itself. Defendant cites to one district court case, *Cotora v. Lee County*, where self-care FMLA claims were dismissed against a Florida county under *Coleman*. No. 10-cv-775, 2012 WL 2996550 (M.D. Fla. July 23, 2012).[5] The Court disagrees with the holding in *Cotora*.

A state's sovereign immunity under the Eleventh Amendment does not extend to municipalities and local governments. *E.g. Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 369 (2001) ("[T]he Eleventh Amendment does not extend its immunity to units of local government."); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations."). District courts applying *Coleman* have permitted self-care FMLA claims to be brought against municipalities and local governments. *See Smith v. Grady*, 960 F. Supp. 2d 735, 755 (S.D. Ohio 2013) (concluding that *Coleman* did not bar suit against a county government); *Gressett v. Central Ariz. Water Conservation Dist.*, No. CV 12-00185, 2012 WL 3028347, at *2-*3 (D. Ariz. July 24, 2012) (concluding that the defendant did not qualify for immunity under *Coleman* because it was not an arm of the State of Arizona).

Here, Defendant has presented no argument that the City of West Palm Beach is equivalent to an arm or agency of the State of Florida. Instead, Defendant devotes a single paragraph in its Motion in support of its conclusory contention that, as a city government, it qualifies for sovereign immunity afforded to the State of Florida under the Eleventh Amendment. Although Defendant briefly returns to this issue in its Reply, Defendant still does not provide legal support, as it must, that it is equivalent

---

[5] There is some indication that the application of the holding in *Coleman* was a last-minute argument in the *Cotora* case. *See Cotora*, 2012 WL 2996550 at *3 n.2.

to an arm or agency of the State of Florida in the context of Count IV and Count V. Defendant has failed to meet its burden to establish it is entitled to the affirmative defense of sovereign immunity (in the context the FMLA claims at issue here). Moreover, Florida law and Eleventh Circuit precedent is contrary to Defendant's position. *See Commercial Carrier Corp. v. Indian River Cnty.*, 371 So. 2d 1010, 1015 (Fla. 1975) ("[A]s to those municipal activities which fall in the category of proprietary functions a municipality has the same tort liability as a private corporation."); *Chavez v. City of Key West*, 15 F. Supp. 2d 1301, 1302-03 (S.D. Fla. 1998) ("Th[e Florida constitution] provides that municipalities have independent purposes and functions from the State of Florida."); *see also Tuveson v. Florida Governor's Council on Indian Affairs*, 734 F.2d 730, 732 (11th Cir. 1984) (describing the necessary elements a local government function must possess to be afforded Eleventh Amendment sovereign immunity). Accordingly, Plaintiff's FMLA claims are not precluded under *Coleman*[6] and Defendant's Motion for Summary Judgment is denied as to Count IV and Count V.

One final matter that remains with respect to Count IV and Count V is the elimination of Plaintiff's position while she was on FMLA leave. Defendant's position is that it would have taken this action even if Plaintiff had not been on FMLA leave; Defendant's position is supported by record evidence. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1236 (11th Cir. 2010) (noting that an employer may refuse to reinstate an employee for a reason unrelated to FMLA leave); DE 58-6. Plaintiff's contention—essentially that while Plaintiff was terminated her position was not—is is also supported by record evidence. *See generally* DE 64. The confusion in the record as to the circumstances surrounding the elimination of Plaintiff's position creates a dispute of material fact as

---

[6] It necessarily follows that the Court grants Plaintiff's Motion for Summary Judgment to the extent Plaintiff seeks summary adjudication with respect to Defendant's Affirmative Defense 11.

to this issue,[7] and thus, the Court denies Plaintiff's Motion for Summary Judgment on Counts IV and V.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 58] is granted as to Count I and Count III.  Defendant's Motion for Summary Judgment is denied in all other respects.  Plaintiff's Motion for Summary Judgment [DE 63] is granted as to Defendant's Affirmative Defense 11.  Plaintiff's Motion for Summary Judgment is denied in all other respects.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 10th day of August, 2015.



ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

[7] For the same reasons, the Court denies Plaintiff's Motion for Summary Judgment to the extent it seeks summary adjudication on Defendant's Affirmative Defense 14 and Affirmative Defense 15.