UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:14-CV-80964-ROSENBERG/BRANNON

DEIRDRE M. JACOBS,

    Plaintiff,

v.

CITY OF WEST PALM BEACH,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING PLAINTIFF'S AMENDED MOTION TO LIFT STAY

This matter is before the Court on Plaintiff's Amended Motion to Lift Stay [DE 163] and Defendant's Motion to Compel [DE 169]. The Court has reviewed the documents in the case file and is fully advised in the premises.

The central issue before this Court is whether Plaintiff's attempt to revoke a settlement agreement was valid. Plaintiff's right to revoke is delineated in the agreement as follows:

> Plaintiff also understands that s/he has the right to revoke this release for a period of seven (7) days following its execution by sending written notice . . . .

DE 163-1 at 4. Plaintiff's argument is that this revocation clause permitted her to revoke the agreement within seven days of the date upon which the agreement was fully executed. Defendant's argument is that this clause applied to the time period running seven days from the date *Plaintiff* executed the agreement.[1] Defendant argues that the agreement makes it clear that Plaintiff's seven-day right to revoke ran from the date of *her* execution citing, *inter alia*, the following provision:

---

[1] Although the agreement was amended after Plaintiff's execution, that amendment has no effect (due to the date upon which the amendment occurred) on the Court's analysis.

> 17. Plaintiff acknowledges that she is executing this Agreement subject to the review and approval of its various terms by Defendant's City Commission which will be sought at the next reasonably available opportunity, and that Defendant will make best efforts to obtain such approval on or by February 1, 2016. Plaintiff further acknowledges that while Defendant's representatives may recommend approval of this Agreement to the Defendant's City Commission, approval may or may not be given. Accordingly, Plaintiff's execution of this Agreement shall be construed as an offer of settlement pursuant to the terms of the Agreement which shall remain in place until such time as Defendant's City Commission may consider the Agreement and approve or reject it.

DE 163-1 at 5. If Plaintiff's interpretation is correct, Plaintiff revoked the Settlement Agreement in time. If Defendant's interpretation is correct, Plaintiff's revocation came too late. Upon review, the Court agrees with Defendant.

The Court concludes that the terms of the revocation provision (and the phrase "its execution") are clear and unambiguous for two reasons. First, the two provisions quoted above, when read together, make it clear that Defendant bargained for the right to present the Settlement Agreement to its City Commission without worry over whether the Plaintiff would revoke the Settlement Agreement after Defendant had gone to the considerable trouble to approve the agreement (by counsel), present the agreement to the City Commission, hold a hearing pertaining to the same, and ultimately enter a formal resolution on the matter.[2] There was plenty of time for Plaintiff to revoke the Settlement Agreement *before* it was considered by the City Commission. Defendant's fear, which was appropriately grounded in the procedural history of this case, ultimately came true when Plaintiff attempted to revoke the Settlement Agreement long after the City Commission formally voted and accepted the settlement.

The revocation clause is also clear and unambiguous because the general rule for revocation clauses like the one before the Court is that a claimant releases his or her claims seven

---

2 The Court's conclusion is reinforced by the purpose of paragraph 11. That paragraph, which contains Plaintiff's revocation right, focuses on Plaintiff's representations and Plaintiff's execution of the agreement.

2

days *after the claimant signs the agreement*.  See *Nakamoto v. Lockheed Martin Corp.*, No. 09-05193, 2010 WL 2348634 (N.D. Cal. June 8, 2010) ("[R]egulatory interpretation . . . indicates that the seven-day revocation period commences upon the employee's execution, not the employer's communication of assent.").  The mere fact that the language in the instant case states that the period runs from "its execution," when examined in the context of the plain language of the agreement and governing law, does not render the phrase "its execution" ambiguous.  Stated another way, the contract language used here in this case does nothing to disturb the default rule governing this type of provision.  Plaintiff elected not to revoke her agreement until long after she signed it and long after it had been approved by the Defendant City Commission.  Plaintiff missed her chance; Plaintiff waited too long.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion to Lift Stay [163] is **DENIED** and Defendant's Motion to Compel [169] is **GRANTED**.  Plaintiff is hereby **ORDERED** by this Court to **COMPLY WITH THE TERMS OF THE SETTLEMENT AGREEMENT**.  Plaintiff will provide Defendant with the Settlement Agreement for Defendant's execution by August 26, 2016.  All other requests for relief, including Defendant's request for sanctions and attorney's fees, are **DENIED WITHOUT PREJUDICE** and may be renewed after the Settlement Agreement has been complied with.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 19th day of August, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record